# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEVERVE, LLC, a Florida limited liability company; WELCH LAW FIRM, P.C., an Oklahoma professional Corporation; and RUSTON C. WELCH, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> SE PROPERTY HOLDINGS, LLC, an Oklahoma limited liability company, <br><br> Defendant. | Case No. CIV-18-1250-PRW |

## ORDER

Before the Court is Defendant SE Property Holdings, LLC's ("SEPH") Motion to Dismiss, Or, In The Alternative, To Stay (Dkt. 2) and Opening Brief In Support Of Motion To Dismiss, Or, In The Alternative, To Stay (Dkt. 3), both filed December 28, 2018.[1] Plaintiffs filed a response in opposition (Dkt. 12) on January 25, 2019, and SEPH filed a reply (Dkt. 13) on February 8, 2019. For the reasons discussed below, the action is dismissed.

### *Background*

Plaintiffs seek a declaratory judgment delineating the respective rights and obligations of Plaintiffs and SEPH as they relate to certain settlement proceeds received by

---

[1] SEPH also filed a supplement to its brief (Dkt. 4) on January 4, 2019.

Neverve.[2] SEPH believes it is entitled to some of those settlement proceeds because it has an outstanding multimillion dollar judgment against Neverve[3] that it thinks can't be satisfied without those proceeds.

Neverve's indebtedness stems from a series of substantial loans made to Neverve by Vision Bank, the entity that SEPH eventually succeeded by merger.[4] These loans were secured by property and personal guarantees of Neverve members David and Terry Stewart.[5] Neverve defaulted, so SEPH sought to recoup its loans. SEPH foreclosed on Neverve's property in Florida and was left with a $19,661,891.08 deficiency judgment.[6] SEPH secured summary judgment against the Stewarts individually on their personal guarantees in Alabama,[7] and then forced the Stewarts into involuntary bankruptcy.[8] Upon the Stewarts' request, their bankruptcy was transferred to Oklahoma.[9] According to SEPH, Neverve's only significant remaining asset that could be used to pay down the deficiency is its claim against British Petroleum, which arose from the April 2010 Gulf of Mexico Deepwater Horizon Oil Spill.[10]

---

[2] *See* Pls.' Pet. (Dkt. 1-3) ¶¶ 36–47, at 6–8.
[3] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) ¶ 8, at 3.
[4] *See id*. ¶ 3, at 2; Pls.' Resp. (Dkt. 12) ¶ 3, at 3.
[5] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) ¶ 4, at 2; Pls.' Resp. (Dkt. 12) ¶ 11, at 5.
[6] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) ¶ 8, at 3.
[7] *See id*. ¶ 9, at 3.
[8] *See id*. ¶ 10, at 3; Pls.' Resp. (Dkt. 12) ¶ 22, at 7.
[9] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) ¶ 10, at 3–4.
[10] *See id*. ¶ 8, at 3; Pls.' Resp. (Dkt. 12) ¶ 23, at 7.

The Stewarts were represented by Ruston Welch of the Welch Law Firm in their involuntary bankruptcy.[11] Welch and David Stewart entered into a representation agreement whereby the "Stewart Related Entities" purportedly guaranteed Welch's legal fees in connection with his representation of the Stewarts in their bankruptcy.[12] Unbeknownst to SEPH or the bankruptcy court, Neverve settled its BP claim and then transferred the settlement proceeds to Welch and his firm.[13] Welch also paid the fees owed to him by the Stewarts from the settlement proceeds.[14] Welch did not disclose the source of his compensation in the bankruptcy proceeding and he was subsequently sanctioned $25,000 by the bankruptcy court for his failure to do so.[15]

SEPH believes that the transfers of Neverve's BP claim settlement proceeds were fraudulent. Wanting to sue Neverve, Welch, or the Welch Law Firm on this basis (for fraudulent transfers, conversion, and conspiracy), SEPH filed a motion for relief from the automatic stay in the bankruptcy case, arguing that funds were property of the bankruptcy estate.[16] Welch, on behalf of the Stewarts, responded to this motion by characterizing it as "premature" and arguing SEPH failed "to establish that there is any urgency, whatsoever,

---

[11] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) ¶ 11, at 4; Pls.' Resp. (Dkt. 12) ¶ 23, at 7.

[12] *See id.*

[13] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) ¶ 13, at 4.

[14] *See id.*

[15] *See id.* ¶¶ 14–19, at 5–6.

[16] *See id.* ¶ 21, at 6.

let alone cause to support relief from stay."[17] The bankruptcy court denied the motion because the automatic stay in the Stewarts' bankruptcy did not prevent the filing of an independent action against Neverve, Welch, or the Welch Law Firm.[18] The bankruptcy court directed Welch to prepare a proposed order.[19] Before circulating a proposed order, however, and notwithstanding Welch's insistence to the bankruptcy court that an independent action would be premature, Welch, the Welch Law Firm, and Neverve filed this action for declaratory relief against SEPH in Oklahoma state court.[20][21]

---

[17] *See* Resp. to Mot. for Relief From Stay (Dkt. 3-31) ¶¶ 4, 11, at 2–3.

[18] *See* Hr'g Tr. (Dkt. 3-22); Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) ¶ 23, at 7.

[19] *See id.*

[20] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) ¶ 24, at 7.

[21] Specifically, Plaintiffs ask the Court to enter a declaratory judgment regarding the respective rights and obligations of Plaintiffs and SEPH as to these issues:

    A. That Neverve has the legal authority to enter into a contingency fee representation contract with Taylor Martino, enter into a representation agreement with WLF or to pay any of the Neverve Net Proceeds to WLF,

    B. That SEPH does not have any security interest, perfected or unperfected, in the Contingency Fees and/or Neverve Net Proceeds,

    C. That SEPH does not have any judgment lien in the Contingency Fees and/or Neverve net Proceeds,

    D. That the actions and conduct regarding the sharing of Contingency Fees and/or payment of the Neverve Net Proceeds to WLF were lawful,

    E. That there is no cognizable claim at law or in equity that SEPH may recover the Contingency Fees and/or Neverve Net Proceeds from any of the Plaintiffs, and

    F. For such other and further relief as to which the Plaintiffs may be entitled at law or in equity as the Court deems just and proper.

Pls.' Pet. (Dkt. 1-3) at 8–9.

After the bankruptcy court entered its order on SEPH's motion the next day, SEPH filed an action against Plaintiffs for violations of the Uniform Fraudulent Transfer Act, conversion, and civil conspiracy in the U.S. District Court for the Northern District of Florida (the "Florida action").[22]

SEPH also removed from state court the case that had been filed against it in Oklahoma, and now asks this Court to dismiss the case because (1) it lacks personal jurisdiction over SEPH as required by Fed. R. Civ. P. 12(b)(6), (2) *Wakaya*[23] directs abstention between two federal courts in this case, and (3) the Court has discretion under the Declaratory Judgment Act to hear declaratory judgment actions, and it should decline to do so here.[24] In the alternative, SEPH seeks a stay of this proceeding pending resolution of the Florida action.[25]

*Analysis*

The federal Declaratory Judgment Act[26] enables federal courts to declare the rights or legal relations of parties, but it does not oblige them to do so:

---

[22] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) ¶ 25, at 7–8.

[23] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018).

[24] *See* Def.'s Mot. to Dismiss (Dkt. 2); Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3).

[25] *See id.*

[26] Plaintiffs filed this case in Oklahoma state court seeking declaratory relief, so they presumably seek relief based on the Oklahoma Declaratory Judgment Act, Okla. Stat. tit. 12, §§ 1651-1657. But Defendants removed this case pursuant to 28 U.S.C. 1441 based on diversity jurisdiction, and while federal courts sitting in diversity apply state substantive law, they apply federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 474 (1965); *Carmichael v. Oklahoma Dep't of Corr.*, No. CIV-17-869-D, 2018 WL 1463366, at *6 (W.D. Okla. Mar. 23, 2018). Since "state statutes governing declaratory relief are

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[27]

A federal court's decision to hear, dismiss, or stay a declaratory judgment action, therefore, is within "the sound exercise of its discretion," and often is guided by "considerations of practicality and wise judicial administration."[28] The Tenth Circuit instructs that in making this determination, district courts should weigh five factors:

(1) whether the declaratory action would settle the controversy;
(2) whether it would serve a useful purpose in clarifying the legal relations in issue;
(3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;
(4) whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and
(5) whether there is an alternative remedy which is better or more effective."[29]

SEPH argues that the consideration of these factors warrants dismissal of this action.[30] The Court agrees.[31]

---

procedural," the federal Declaratory Judgment Act controls. *Carmichael*, 2018 WL 1463366, at *6.

[27] 28 U.S.C. § 2201(a) (2010).

[28] *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

[29] *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1275 n. 4 (10th Cir. 1989) (citing *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987) (internal quotation marks omitted)); *see State Farm Fire & Cas. Co. v. Telecomm Consultants, Inc.*, 757 F. App'x 726, 729 (10th Cir. 2018); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

[30] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) at 25.

[31] The Court does not analyze the fourth factor because it is inapplicable.

The first and second factors weigh in favor of dismissal. The resolution of this declaratory action will not settle the controversy, but instead will determine a fragment of a larger controversy and likely prompt more litigation. For example, if this Court declares that Neverve has the legal authority to enter into a representation agreement with the Welch Law Firm as Plaintiffs request, then SEPH will likely challenge the enforceability of the representation agreement in a subsequent action. And if this Court declares that Neverve lacked authority to enter into the representation agreement, then SEPH will likely pursue claims to recover the BP settlement proceeds in satisfaction of its judgment. Moreover, SEPH asserts claims for conversion, civil conspiracy, and fraudulent transfers in the Florida action.[32] These claims require determinations not sought in this declaratory action, including damages. So while this action would serve to settle a portion of the controversy, it will not settle all of it. Moreover, assuming this and the Florida court have jurisdiction, "proceeding in this case will result in a duplication of litigation and may result in conflicting results."[33] All of Plaintiffs' requests for declaratory relief relate to the subject matter of the Florida action, and the Court finds that clarifying the legal relations in issue here twice would not be efficient or useful, to either the judicial system or the parties. Accordingly, these factors weigh in favor of dismissal.

The third factor weighs heavily in favor of dismissal. The timing and defensive nature of this suit epitomize procedural fencing. When SEPH filed its motion for relief

---

[32] *See* SE Property Holdings, LLC v. Ruston C. Welch, *et al.*, Case No. 5:18-CV-252 (N.D. Fl.) (Dkt. 3-25).

[33] *Alter v. F.D.I.C.*, 57 F. Supp. 3d 1325, 1334 (D. Utah 2014).

from the bankruptcy stay, this notified Plaintiffs of its intent to file suit against them. In addition, Plaintiffs knew that once (1) the automatic stay was lifted, or (2) the bankruptcy court confirmed that the automatic stay did not prohibit SEPH's suit against Plaintiffs, the filing of SEPH's suit would be imminent.

After Welch assured the bankruptcy court that SEPH's intended suit was "premature," the bankruptcy court denied the motion because it determined that the automatic stay did not prohibit SEPH's suit against Plaintiffs and then directed Welch to draft an order to that effect. Plaintiffs filed this action that very day—before Welch circulated the order; without notifying SEPH of Plaintiffs' intention to sue; and notwithstanding Welch's contrary representation to the bankruptcy court that such a suit was "premature."[34] Taken together, these facts lead the Court to agree with SEPH that "Plaintiffs filed this anticipatory action to deny the natural plaintiff, SEPH, its choice of forum."[35]

---

[34] The Tenth Circuit has affirmed a district court's refusal to exercise jurisdiction over a declaratory action in similar circumstances. In *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167 (10th Cir. 1995), defendant informed plaintiff, his insurance company, prior to filing suit that if plaintiff would not assume his defense in a liability claim, then he would file suit for bad faith and breach of contract by a certain date. *See id*. at 1167. One day before this deadline, plaintiff filed suit for declaratory judgment. *See id*. Defendant filed his own suit the next day as promised. *See id*. The district court held these circumstances constitute procedural fencing by plaintiff and in its discretion dismissed the action. *See id*. at 1169. The Tenth Circuit affirmed this ruling, explaining that plaintiff's use of a declaratory judgment action as procedural fencing is an "adequate reason for the district court to refuse jurisdiction . . . ." *Id*. at 1170.

[35] *See* Def.'s Br. in Supp. of Def.'s Mot. to Dismiss (Dkt. 3) at 23.

Plaintiffs argue that for the sake of convenience, the Court should hear its declaratory action because not only are all plaintiffs in Oklahoma, but Defendant has already litigated in Oklahoma with the same parties.[36] They also point out that Florida, the site of the other related pending action, is far away from not only Plaintiffs, but also Defendant (who resides in Ohio) and Defendant's counsel (who resides in Alabama).[37] Even if true, however, such concerns about convenience are of a little consequence where it is clear that procedural fencing has occurred:

> [W]hether the forum chosen by the declaratory plaintiff is "logical" can have only a minimal value in determining whether procedural fencing has occurred. The question is not which party has chosen the better forum, but whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first. That a particular forum is better or worse is irrelevant in answering that factual question.[38]

Even if these Plaintiffs prefer to litigate in Oklahoma rather than Florida, and even if one forum might be more convenient than the other, it remains undisputed that Plaintiffs filed this action to "protect" themselves from litigation in another forum.[39] And given that Defendant in this action appears to be the natural plaintiff in this controversy, its choice of

---

[36] *See* Pls.' Resp. (Dkt. 12) at 25.

[37] *See id.*

[38] *AmSouth Bank v. Dale*, 386 F.3d 763, 789 (6th Cir. 2004); *see Paycom Software, Inc. v. Nat'l Fin. Partners Corp.*, No. CIV-14-1029-R, 2014 WL 7013739, at *4 (W.D. Okla. Dec. 12, 2014).

[39] Pls.' Resp. (Dkt. 12) at 25 ("This action was filed in Oklahoma State Court to protect Plaintiffs from the demonstrated intent of the Defendant to pursue the most costly and vexatious litigation and abusive conduct to drag Plaintiffs to a faraway foreign jurisdiction that does not have personal jurisdiction.").

Florida as the appropriate forum weighs in favor of rejecting these Plaintiffs' convenience arguments.

The fifth factor is difficult to apply here due to the jurisdictional uncertainty. But assuming that both the Florida and Oklahoma courts have jurisdiction over the respective actions, the Oklahoma action will establish rights and obligations of the parties, while the Florida action "will offer a conclusive adjudication of the parties' dispute[s] . . . ."[40] An actual adjudication of claims and damages will be more effective than a declaratory action that leaves issues unaddressed (like damages) and prompts more litigation. And even if this Court has jurisdiction, and the Florida court doesn't, nothing precludes SEPH from re-filing its case in a court with jurisdiction. For all the reasons articulated, that action would be preferable to a declaratory judgment action that, again, leaves issues unaddressed and prompts more litigation.[41] Thus, regardless of how the jurisdictional questions are resolved, the fifth factor weighs in favor of dismissal.

The Court finds that Plaintiffs' procedural fencing, along with the other factors, weigh in favor of dismissal. The Court thus discretionarily declines jurisdiction and dismisses this action for declaratory relief. The Motion to Dismiss is **GRANTED.**

---

[40] *Bd. of Cty. Comm'rs of Cty. of Boulder v. Rocky Mountain Christian Church*, 481 F. Supp. 2d 1181, 1188 (D. Colo. 2007).

[41] The other possible scenarios are (1) this Court lacks jurisdiction, while the Florida court has it, or (2) both courts lack jurisdiction. In either case, dismissal of this action is warranted.

**IT IS SO ORDERED** this 10th day of July, 2019.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE